UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD K. CROWELL, JR.,

        Petitioner,

                                              Case Number 14-12842

v.                                                 Honorable David M. Lawson

THOMAS MACKIE,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

        Petitioner Richard K. Crowell, Jr., a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* habeas corpus petition challenging his 1993 plea-based convictions in Wayne County, Michigan for sexual assault and firearms offenses. The petitioner was sentenced as a third-offense habitual offender to lengthy prison terms. Although he did not pursue a direct appeal, he filed post-conviction motions in the state court long after his convictions became final. Those were unsuccessful. The issues raised in those motions form the basis of his habeas petition. But because the petitioner filed his habeas petition well after the one-year habeas statute of limitations expired, the Court must dismiss the petition as untimely.

I.

        The petitioner initially was charged with assault with intent to commit rape, possession of a firearm during a felony (felony firearm), and possession of a loaded firearm in a vehicle. He was also charged with being a fourth-offense habitual offender. On October 4, 1993, the petitioner pleaded no contest to assault with intent to commit rape, Mich. Comp. Laws § 750.520g(1), and felony firearm, Mich. Comp. Laws § 750.227b. In return, the Wayne County prosecutor dismissed the count charging the petitioner with possessing a loaded firearm in a vehicle. The prosecutor also

agreed to reduce the habitual offender count from habitual offender fourth offense, to habitual offender third offense.

The petitioner pleaded "no contest" instead of "guilty" because of a "clouded memory as to the details" and "some prospect of civil liability." Plea Tr. at 9 (Oct. 4, 1993). The trial court used the investigator's description of the crime as a factual basis for the plea, which read:

> That a Mervin Willman and the defendant Richard Crowell essentially located a female . . ., 26 years old; that they ordered her into the car at gunpoint; that she was compelled to undress for the purpose of giving sex; that an argument ensued between Mr. Willman and Mr. Crowell as to whom would have sex first; that ultimately the defendants became concerned about the police and ordered the complainant out of the vehicle while she was nude and then left. The complainant alerted the police and the police then had a description of the car and that a short time later there was a police chase. The vehicle was stopped, both defendants were inside, and the gun was located in the car.

*Id.* at 13.

On October 19, 1993, the trial court sentenced the petitioner as a third felony offender, Mich. Comp. Laws § 769.11, to two years in prison for the felony firearm conviction and a consecutive term of four to fifteen years in prison for the assault conviction. The court also ordered the sentence to run consecutively to a 1989 Oakland County conviction for which the petitioner was on parole when he committed the Wayne County crimes.

The petitioner appealed his convictions, but subsequently agreed with the prosecution to withdraw his appeal. On February 14, 1994, the Michigan Court of Appeals dismissed the appeal on the basis of the parties' stipulation. *See People v. Crowell*, No. 171616 (Mich. Ct. App. Feb. 14, 1994).

In 2002, the petitioner filed a motion for relief from judgment. He argued that (1) his trial counsel's gross misadvice concerning community placement and parole eligibility amounted to

ineffective assistance; (2) his plea was unknowing and involuntary due to trial counsel's gross misadvice regarding community placement and parole eligibility; (3) the Michigan Parole Board breached the plea agreement; (4) application of the sex-offender registration law violated the *Ex Post Facto* Clauses of the Federal and Michigan Constitutions; (5) a sentence consecutive to his 1989 Oakland County sentence violated the *Ex Post Facto* Clauses; and (6) the prosecution failed to establish the "intent" element of the crime and also failed to refute his intoxication defense.

The trial court denied the petitioner's motion in a written opinion. It held that the plea was knowingly, voluntarily, and intelligently made, trial counsel was not ineffective, the petitioner could have raised all his claims, including the ones about the sex offender registration act, on direct appeal, the sentence was valid, and the prosecutor was not required to negate every innocent theory offered by the defense. *People v. Crowell*, No. 93-000611-01, (Wayne Cty. Cir. Ct. July 3, 2002). The petitioner did not appeal the trial court's decision.

In 2012, the petitioner filed a second motion for relief from judgment in which he alleged that trial counsel was ineffective by failing to advise him that his Wayne County sentence would run consecutively to the Oakland County sentence for which he was on parole when he committed the crimes in Wayne County. The petitioner also alleged that his Wayne County sentence could not be consecutive to his Oakland County sentence because the Oakland County trial court dismissed the substantive charges in that case and sentenced him only as a habitual offender.

The trial court denied the petitioner's motion on the basis that the petitioner's claims lacked merit and that he failed to meet the criteria for filing a successive motion for relief from judgment. *People v. Crowell*, No. 93-006111-01 (Wayne Cty. Cir. Ct. August 22, 2013). The petitioner moved for reconsideration and for correction of his sentence, but the trial court found no errors and denied

both motions. *People v. Crowell,* No. 93-006111-01 (Wayne Cty. Cir. Ct. Apr. 7, 2014 and Sept. 17, 2014). The petitioner did not appeal the trial court's decisions.

On July 21, 2014, the petitioner filed his habeas corpus petition under 28 U.S.C. § 2254. He appears to raise the two claims that he presented to the state trial court in his second motion for relief from judgment: that his plea attorney was ineffective and that his sentence cannot be consecutive to his Oakland County sentence because the Oakland County convictions were vacated. The respondent argues in her answer to the petition that the petitioner's claims are time-barred, procedurally defaulted, and meritless. Because the petitioner clearly failed to comply with the one-year statute of limitations, the Court finds it unnecessary to consider whether the claims also are procedurally defaulted or meritless.

II.

A.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because the petitioner filed his habeas petition after AEDPA was enacted. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011). AEDPA established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (citing section 2244(d)(1)). The limitations period ordinarily runs from the latest of following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The petitioner here does not raise issues that call into play subparagraphs (B) through (D). Therefore, the Court looks to the date his conviction became final to determine when his one-year period began to run.

The petitioner's convictions became final in 1994 when his direct appeal came to an end. Because that occurred before the AEDPA was enacted, the petitioner was entitled to a one-year grace period, beginning on April 24, 1996, to file his habeas petition or a motion for post-conviction relief that would toll the limitations period. *Stokes v. Williams*, 475 F.3d 732, 734 (6th Cir. 2007). That period expired on April 24, 1997.

But "AEDPA also contains a tolling provision, which specifies that 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" *Holbrook*, 833 F.3d at 216 (quoting 28 U.S.C. § 2244(d)(2)). However, the petitioner did not file a motion for relief from judgment in state court or a federal habeas corpus petition during the one-year grace period. Consequently, the limitations period ran uninterrupted for one year, and it expired on April 24, 1997. Although the petitioner filed post-conviction motions in 2002 and in 2012, the limitations period had already expired by then, and the motions did not revive or restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). The habeas petition,

therefore, is time-barred, absent equitable tolling of the limitations period or a credible showing of actual innocence.

## B.

AEDPA's limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

The petitioner was not diligent in pursuing his rights. He agreed to dismiss his direct appeal. He then waited over six years after AEDPA was enacted before he challenged his convictions in a motion for relief from judgment. He did not appeal either of the adverse decisions on his post-conviction motions. The petitioner also has not shown that some extraordinary circumstance stood in his way of filing a timely habeas petition. He is not entitled to equitable tolling.

## C.

The Supreme Court has held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of a petitioner's constitutional claims is the expiration of the statute of limitations. *McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Ibid*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The petitioner has not alleged that he is innocent, and "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id.* at 1933. Therefore, the petitioner is not entitled to pass through the actual-innocence gateway and have his claims heard on the merits.

III.

The petitioner filed his habeas corpus petition long after the one-year statute of limitations expired. He is not entitled to equitable tolling of the limitations period. He has not shown that he is actually innocent of the crime for which he is imprisoned.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

It is further **ORDERED** that the petitioner's renewed request for appointment of counsel [dkt. #21] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 20, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI